UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA RIZACK, *et al.*,<br>                              Plaintiffs,<br><br>                    -v-<br><br>SIGNATURE BANK, N.A., *et al.*,<br>                              Defendants. | 18-CV-9641 (JPO)<br><br>ORDER |

J. PAUL OETKEN, District Judge:

Before the Court is Plaintiffs' motion to reopen this administratively closed case. (ECF No. 62.) Because Plaintiffs have twice missed the deadlines promulgated by this Court and have not demonstrated that these delays constitute "excusable neglect" under *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), Plaintiffs' motion to reopen this case is denied.

Plaintiffs first filed their complaint on October 19, 2018. (ECF No. 1.) Shortly after, the Court stayed this case pending the outcome of an appeal before Florida's Fourth District Court of Appeal concerning whether Florida courts could exercise personal jurisdiction over Defendants. (ECF No. 29.) On September 8, 2022, the Court administratively closed the case, "subject to reopening provided that a status letter or application to reopen [was] filed within fourteen (14) days after the state court's decision on appellate jurisdiction, and in any event, no later than January 31, 2023." (ECF No. 44.) Despite the Court's order unambiguously setting the deadline for a response to January 31, 2023 at the latest, Plaintiffs did not file their status letter until December 12, 2023—315 days after the deadline had elapsed. (ECF No. 46.)

After Defendants raised the belated nature of Plaintiffs' status later to the Court (ECF No. 47), Plaintiffs attempted to justify the delay by explaining that local counsel had misinterpreted

1

the Court's memo endorsement "to state that either the Plaintiff could file a status report or request the case be reopened within 14 days, each only after issuance of a final and non-appealable order from the Florida courts concerning jurisdiction." (ECF No. 48 at 1.) Plaintiffs also contended that this misinterpretation constituted "excusable neglect" under the factors set forth in *Pioneer*. (*Id.* at 2 (citing *Pioneer Inv. Serv. Co.*, 507 U.S. at 395).) There, the Supreme Court held that whether "a party's neglect of a deadline is excusable" depends on several factors, including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395.

On March 5, 2026, Plaintiffs filed a motion to reopen this case, stating that, "[o]n February 25, 2026, the District Court of Appeal of the State of Florida, Fourth District, entered an Order that Defendants' January 20, 2026 motion for written opinion is denied." (ECF No. 62 at 2.) After the Court sought clarification on the Florida state court's ruling (ECF No. 63), Defendants explained that the Florida Fourth District Court of Appeal had in fact affirmed *per curiam* the trial court's decision dismissing the parallel state case for lack of personal jurisdiction on December 11, 2025 (ECF No. 64 at 8-9)—well over fourteen days before Plaintiffs filed their motion to reopen the case on March 5, 2026. Thus, Plaintiffs have missed the Court's deadlines twice over, first by filing a status update 315 days after the January 31, 2023 deadline to do so, and second by filing a motion to reopen the case eighty-four days, rather than the requested fourteen days, "after the state court's decision on appellate jurisdiction." (ECF No. 44.)

Neither of these delays constitutes "excusable neglect" under the *Pioneer* factors. The Second Circuit has clarified that, in assessing excusable neglect, the third factor is paramount:

"the reason for the delay, including whether it was within the reasonable control of the movant." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (quoting *Pioneer*, 507 U.S. at 395). "[T]he equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule," and "where the rule is entirely clear, . . . a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Id.* at 366-67 (cleaned up).

Plaintiffs assert that local counsel misinterpreted the Court's order, but they identify no plausible alternative reading of the Court's unambiguous statement that the case would be administratively closed and "subject to reopening provided that a status letter or application to reopen is filed . . . no later than January 31, 2023." (ECF No. 44.)  Additionally, even if the Court overlooked Plaintiffs' inattention to the January 31, 2023 deadline, Plaintiffs waited eighty-four days after the Florida state court's ruling on personal jurisdiction to update the Court and file a motion to reopen the case.  Nor can Plaintiffs characterize the Florida court's denial of their motion for a written opinion as the relevant ruling for the purposes of filing a timely motion to reopen:  While a motion for a written opinion may give rise to additional reasoning for the court's ruling, it "does not result in the court amending or altering the court's adjudication of an Appellant's judgment." *Holybrice v. Sec'y, Dep't of Corr.*, No. 18-CV-2374, 2019 WL 11505330, at *3 (M.D. Fla. Feb. 28, 2019).

In short, Plaintiffs have failed to follow the Court's clear dictates at multiple junctures and offered no justification for doing so.  Plaintiffs' motion to reopen this case is therefore DENIED.  The Clerk of Court is directed to close the motion at Docket Number 62.

SO ORDERED.

Dated: March 30, 2026
      New York, New York

_____
J. PAUL OETKEN
United States District Judge

3