UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA RIZACK, *et al.*,
Plaintiffs,

-v-

SIGNATURE BANK, N.A., *et al.*,
Defendants.

18-CV-9641 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiffs Joshua Rizack, Charles Mahl, and the Mahl Family Trust ("Plaintiffs") move for reconsideration of the Court's March 30, 2026 order (ECF No. 66 ("Order")) denying Plaintiffs' motion to reopen this administratively closed case (ECF No. 68). For the reasons that follow, Plaintiffs' motion is denied.

## I. Background

The Court assumes familiarity with the factual background as set forth in the Order denying Plaintiffs' motion to reopen this administratively closed case (*see* Order at 1-2) and recites that background only insofar as it is relevant to the pending motion.

On October 19, 2018, Plaintiffs moved to stay this action pending the outcome of their appeal to Florida's Fourth District Court of Appeal of an adverse judgment issued against them in a parallel state court proceeding. (ECF No. 3.) On April 2, 2019, the Court granted the motion to stay. (ECF No. 29.) On September 8, 2022, as the parallel state court proceeding wound its way through the Florida state courts, the Court administratively closed this case, subject to reopening "provided that a status letter or application to reopen is filed within fourteen (14) days after the state court's decision on appellate jurisdiction, and in any event, no later than January 31, 2023." (ECF No. 44.)

Despite the clear dictates of the Court's order, Plaintiffs did not file their status letter until December 12, 2023—315 days after the January 31, 2023 deadline. (ECF No. 46.) Nearly two years later, on December 11, 2025, Florida's Fourth District Court of Appeal affirmed the trial court's ruling dismissing the state action for lack of personal jurisdiction. (ECF No. 64 at 8-9; ECF No. 64-6 at 2.) Plaintiffs filed a motion in Florida state court for a written opinion, which was denied on February 25, 2026. (ECF No. 64 at 9; ECF No. 64-7 at 2.) Plaintiffs then filed their motion to reopen this case on March 5, 2026—eighty-four days after the appellate court's ruling on December 11, 2025. (ECF No. 62.) Eight days later, Florida's Fourth District Court of Appeal issued its mandate, transferring jurisdiction back to the trial court. (ECF No. 69 at 10; ECF No. 69-1 at 2.)

On March 30, 2026, the Court denied Plaintiffs' motion to reopen this case on the grounds that "Plaintiffs have twice missed the deadlines promulgated by this Court and have not demonstrated that these delays constitute 'excusable neglect' under [the *Pioneer* factors]." (Order at 1.) On April 10, 2026, Plaintiffs moved for reconsideration of the Order (ECF No. 68) and filed a memorandum of law in support (ECF No. 69 ("Mem.")). Defendants opposed the motion on April 22, 2026 (ECF No. 70 ("Opp.")), and Plaintiffs filed a reply in further support on April 29, 2026 (ECF No. 71 ("Reply")).

## II. Legal Standard

Plaintiffs move for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) and Local Civil Rule 6.3. (Mem. at 4.) The Second Circuit has cautioned that "[t]he standard for granting [a motion for reconsideration] is strict." *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d. Cir. 1995). Motions for reconsideration afford "extraordinary judicial relief" and should be granted only in "exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). Relief will generally be denied unless the moving party can point to

"controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation marks omitted). Accordingly, to prevail on a motion for reconsideration, the movant must demonstrate (1) "an intervening change in controlling law," (2) "the availability of new evidence," or (3) "the need to correct clear error or protect manifest injustice." *Indem. Ins. Co. of N. Am. v. Expeditors Int'l of Wash., Inc.*, No. 17-CV-2575, 2020 WL 1643892, at *1 (S.D.N.Y. Apr. 2, 2020).

## III. Discussion

Plaintiffs argue that the Court's March 30, 2026 order amounted to "clear error" or "manifest injustice"[1] because (1) Plaintiffs' 315-day delay in filing its status report was due to excusable neglect, and (2) Plaintiffs' motion to reopen the case was in fact timely based on the date of the Florida appellate court's mandate. (*See* Mem. at 5, 9-10.) The Court takes each argument in turn.

### A. Delayed Filing of the Status Letter

Plaintiffs contend that the Court overlooked the fact that "there was no ruling on [Plaintiffs'] December 22, 2023 letter application explaining the excusable neglect in late filing the Status Report and requesting a continued stay." (Mem. at 4.) Because the Court directed briefing on the matter but did not subsequently rule on it until its March 30, 2026 order, and later resolved various administrative motions on the docket, Plaintiffs argue that they "reasonably understood that the issue of timeliness had been resolved." (*Id.* at 7.)

---

[1] Plaintiffs do not appear to argue that there has been an intervening change in controlling law or that new evidence has become available. (*See generally* Mem.; Reply.)

This argument fails for several reasons. First, Plaintiffs nowhere raised it in their initial motion to reopen, nor did Plaintiffs file a reply to Defendants' opposition, despite Defendants' fulsome objections to the motion on timeliness grounds. (*See* ECF No. 64 at 11.) "A motion for reconsideration is not an opportunity to advance new facts, issues or arguments not previously presented to the Court, nor is it a substitute for appeal." *Capitol Recs., LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 543 (S.D.N.Y. 2013) (quotation marks omitted). Second, Plaintiffs cannot argue "excusable neglect" based on their own erroneous inference that the Court's silence on a contested issue somehow amounted to a ruling on that issue. Plaintiffs' December 22, 2023 letter motion did not reopen the case, and at no point did Plaintiffs seek clarification on their 2023 letter application. Indeed, as *Pioneer* itself makes clear, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect[.]" *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The fact that Plaintiffs misinterpreted the September 8, 2022 order and then mistakenly inferred from the Court's silence an implied ruling excusing that misinterpretation does not transmute their delay into "excusable neglect."

Plaintiffs rely on *In re Lyondell Chemical Co*, 543 B.R. 400 (Bankr. S.D.N.Y. 2016), in support of their argument that their delay qualifies as excusable neglect. (Mem. at 8.) But in *Lyondell*, the court concluded that a trustee's delay in moving to substitute the executor of the defendant estate was due to "excusable neglect" because the trustee's paralegal had twice received incorrect information about the executor's appointment, all while the defense counsel "knew the true facts, and had kept mum." 543 B.R. at 412-13. The court declined to "reward

that gamesmanship." *Id.* at 413. Nothing of the sort occurred here.[2] The Court's September 8, 2022 order was clear, Plaintiffs received no misinformation from a third party, and Defendants' actions evinced no gamesmanship.

**B. Timeliness of Plaintiffs' Motion to Reopen**

Next, Plaintiffs argue that the Court "overlooked the fact that, under Florida law, an appellate court decision becomes final only when the appellate court issues its mandate, not the decision itself." (Mem. at 9.) Because Plaintiffs filed a motion to reopen the case *before* the Florida appellate court issued its mandate, Plaintiffs contend, their motion was in fact timely. (*Id.* at 9-10.)

Plaintiffs may well be correct that the judgment of a Florida appellate court does not become final until the issuance of a mandate. But the Court's order closed the case unless "a status letter or application to reopen [was] filed within fourteen (14) days after the *state court's decision* on appellate jurisdiction." (ECF No. 44 (emphasis added).) Reasonably understood, the "state court's decision" refers to the Florida appellate court's December 11, 2025 decision affirming the trial court's ruling on personal jurisdiction—not the denial of Plaintiffs' motion for a written opinion or the subsequent mandate that rendered the decision administratively final. The Court enforced its deadline in accordance with the plain text of its order. Plaintiffs' insistence that the deadline should instead be pegged to the mandate, rather than the issuance of the decision, therefore does not amount to "clear error" or a "manifest injustice" such that

[2] Plaintiffs also argue, as they did before, that a stay in the Florida case precluded them from taking any action. (Mem. at 6; *see also* ECF No. 48 at 2.) As noted above, a motion for reconsideration "is not a vehicle for relitigating issues already decided." *Cox v. Spirit Airlines, Inc.*, No. 17-CV-5172, 2023 WL 1994201, at *1 (E.D.N.Y. Feb. 14, 2023) (quotation marks omitted). In any event, the stay in the Florida case did not go into effect until March 12, 2023—forty days after the January 31, 2023 deadline had already elapsed—nor did it prevent Plaintiffs from filing a status letter informing the Court of the stay.

reconsideration of the ruling is warranted. *Indem. Ins. Co. of N. Am.*, 2020 WL 1643892, at *1; *see also Pioneer*, 507 U.S. at 392.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion for reconsideration is DENIED. The Clerk of Court is directed to close the motion at Docket Number 68.

SO ORDERED.

Dated: September 21, 2026
New York, New York

J. PAUL OETKEN
United States District Judge